**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GREEN ROAD INVESTMENTS #2, LLC, a
Michigan limited liability company,
GREENFIELD LINCOLN INVESTMENTS
#2, LLC, a Michigan limited liability
company, and VICTOR PARK
INVESTMENTS, LLC, a Michigan limited
liability company,

   Plaintiffs,

vs.

CWCAPITAL ASSET MANAGEMENT,
LLC, a Massachusetts limited liability
company, GREENWICH CAPITAL
FINANCIAL PRODUCTS, INC., a Delaware
corporation, WELLS FARGO BANK, NA, a
national banking association, WACHOVIA
BANK, NA, a national banking association,

   Defendants.

Oakland County Case No. 09-102865-CK

U.S. District Court Case No.
Hon.
Magistrate Judge

---

| | |
|---|---|
| Mark S. Demorest (P35912)<br>Stephen J. Dunn (P38182)<br>DEMOREST LAW FIRM, PLLC<br>Attorneys for Plaintiffs<br>555 S. Old Woodward Ave., Suite 21U<br>Birmingham, MI 48009<br>(248) 723-5500 | Alan M. Greene (P31984)<br>Stephen R. Estey (P53262)<br>Kerry K. Cahill (P67671)<br>DYKEMA GOSSETT PLLC<br>Attorneys for Defendants CWCapital Asset<br>Management LLC, Wells Fargo Bank, N.A.,<br>and Wachovia Bank, N.A., only<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, MI 48304<br>(248) 203-0700 |

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

TO:   Clerk of the Court

   Mark S. Demorest
   Stephen J. Dunn
   DEMOREST LAW FIRM, PLLC
   555 S. Old Woodward Ave., Suite 21U
   Birmingham, MI 48009

Defendants CWCapital Asset Management, LLC ("CWCapital"), Wells Fargo Bank, NA ("Wells Fargo"), and Wachovia Bank, NA ("Wachovia"), collectively, "Defendants," by and through their attorneys, Dykema Gossett PLLC, hereby remove this action from the Oakland County Circuit Court to the United States District Court for the Eastern District of Michigan and state as follows:

1. On August 5, 2009, this action was commenced against Defendants in Oakland County Circuit Court.

2. On August 7, 2009, Defendants received service of the Summons, Complaint, and Jury Demand via personal service, acknowledged by counsel. Copies of the Summons and Complaint (without exhibits) are attached hereto as Exhibit A.

3. On or about August 10, 2009, co-defendant Greenwich Capital Financial Products, Inc. ("Greenwich") received service of the Summons, Complaint, and Jury Demand.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of the first date upon which Defendants received service of the pleadings setting forth the claim for relief upon which this removal is based.

**Grounds for Removal**

5. Defendants seek to remove this action on grounds of diversity of citizenship. 28 U.S.C. § 1332(a).

2

6. This is a civil action in which the Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 because, as set forth more fully below, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorneys' fees, and this action is between citizens of different states.

7. Plaintiffs and Defendants are citizens of different states as described below.

   a. In Paragraphs 1-3 of their Complaint, Plaintiffs Green Road Investments #2, LLC ("Green Road"), Greenfield Lincoln Investments #2, LLC ("Greenfield"), and Victor Park Investments, LLC ("Victor Park") admit that they are Michigan limited liability companies with their principal place of business in West Bloomfield, Oakland County, Michigan. For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members. *CMPS Institute, LLC v. MMG II, LLC*, 521 F. Supp. 2d 616 (E.D. Mich. 2007) (*citing* 28 U.S.C. § 1332(a)). Upon information and belief, the members of plaintiff companies are citizens of Michigan and/or Florida.

   b. At the time this action was commenced, and at all times since, including at the time this Notice of Removal is filed, CWCapital is a Massachusetts limited liability company with its principal place of business in Massachusetts. None of the members of CWCapital, or any of the members of CWCapital's affiliates, is a citizen of Michigan, where such action was brought, within meaning of 28 U.S.C. § 1332.

   c. At the time this action was commenced, and at all times since, including at the time this Notice of Removal is filed, Greenwich is a Delaware corporation with its principal place of business in Greenwich, Connecticut. For purposes of determining diversity jurisdiction, a corporation can be a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business. *Freeman v. Unisys Corp.*, 870 F. Supp. 169, 172 (E.D. Mich. 1994) (citing 28 U.S.C. § 1332(c)). Greenwich is not a citizen of Michigan, where such action was brought, within meaning of 28 U.S.C. § 1332.

   d. At the time this action was commenced, and at all times since, including at the time this Notice of Removal is filed, Wells Fargo is a national banking association with its principal place of business in California. For diversity purposes, national banking associations are deemed citizens of the states designated in its articles of association as its main office. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006) (citing 28 U.S.C. § 1348). Accordingly, Wells Fargo is a citizen of California, and is not a citizen of

    Michigan, where such action was brought, within meaning of 28 U.S.C. § 1332(c).

 e. At the time this action was commenced, and at all times since, including at the time this Notice of Removal is filed, Wachovia is a national banking association with its principal place of business in North Carolina. For diversity purposes, national banking associations are deemed citizens of the states designated in its articles of association as its main office. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006) (citing 28 U.S.C. § 1348). Accordingly, Wachovia is a citizen of North Carolina, and is not a citizen of Michigan, where such action was brought, within meaning of 28 U.S.C. § 1332(c).

 f. Complete diversity exists: Plaintiffs are citizens of Michigan; CWCapital is a citizen of Massachusetts; Greenwich is a citizen of Delaware; Wells Fargo is a is a citizen of California; and Wachovia is a citizen of North Carolina.

8. Counsel for Defendants contacted Greenwich, the other co-defendant, and has procured Greenwich's consent to remove this action to federal court.

9. Pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorneys' fees. Defendants submit the following facts and reasons in support of this allegation:

 a. Consistent with state court practice, Plaintiffs' Complaint does not specify the sum sought as damages. Rather, the Complaint indicates that Plaintiffs seek an amount in excess of $25,000.

 b. Plaintiffs allege claims for (i) Reformation of Contract – Mutual Mistake (ii) Declaratory Judgment – Impossibility of Performance, (iii) Breach of Covenant of Good Faith and Fair Dealing, and (iv) Breach of Contract.

 c. Plaintiffs claims arise from two loans obtained to refinance a mortgage on certain real property located in Ann Arbor, Michigan, Oak Park, Michigan, and Livonia, Michigan. The loan from Greenwich to Green Road is approximately $40,000,000, and the loan from Greenwich to Victor Park is approximately $28,000,000. *See* Exhibit A, Complaint, ¶ 17, 20.

 d. In addition, this matter involves two letters of credit relative to the above-referenced loans. Green Road agreed to post letters of credit totaling up to $1,500,000. *See* Exhibit A, Complaint, ¶ 40.

4

  e. Although the Complaint does not plead a specific amount in controversy in excess of the jurisdictional amount, Plaintiffs seek (i) a reformation of the parties' contract to eliminate the requirement for Green Road to post a $1,000,000 letter of credit, (ii) a declaratory judgment that Green Road is excused from posting a $500,000 letter of credit and is entitled to the release of a $1,000,000 letter of credit, and (iii) an award of damages allegedly incurred by Plaintiffs as a consequence of Defendants' conduct in connection with the $40,000,000 loan and the $28,000,000 loan.

  f. While Defendants deny the allegations in Plaintiffs' Complaint, and deny any liability to Plaintiffs whatsoever, if those allegations are proven to be true, the amount in controversy vastly exceeds the sum or value of $75,000, exclusive of interest, costs, and attorneys' fees. Plaintiffs are seeking, among other things, reformation and rescission of two letters of credit totaling $1,500,000, as well as damages under two loans totaling approximately $40,000,000.

10. A Notice of Filing Notice of Removal and a copy of this Notice of Removal to Federal Court have been filed with the Oakland County Circuit Court as required by 28 U.S.C. § 1446(d), and copies of the same have been served upon Plaintiffs' counsel and as verified by the attached Certificate of Service.

11. Based upon the foregoing, Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441, *et seq*.

WHEREFORE, Defendants respectfully request that this Court take jurisdiction over this action and grant such other relief as the Court deems proper.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: /s/ Kerry K. Cahill
    Alan M. Greene (P31984)
    Stephen R. Estey (P53262)
    Kerry K. Cahill (P67671)
    DYKEMA GOSSETT PLLC
    Attorneys for Defendants CWCapital Asset Management LLC, Wells Fargo Bank, N.A., and Wachovia Bank, N.A., only
    39577 Woodward Avenue, Suite 300
    Bloomfield Hills, MI 48304
    (248) 203-0700
    Email: kcahill@dykema.com

Date: August 24, 2009

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

6

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys on that system, including the following:

None

I also certify under penalty of perjury that a copy of the foregoing *Notice of Removal of Civil Action to Federal Court* and this *Proof of Service* were served on the other counsel of record at his or her address listed above in the manner described in MCR 2.107(C)(3) on August 24, 2009.

>By: /s/ Kerry K. Cahill
>Kerry K. Cahill (P67671)
>DYKEMA GOSSETT PLLC
>Attorneys for Defendants CWCapital Asset Management LLC, Wells Fargo Bank, N.A., and Wachovia Bank, N.A., only
>39577 Woodward Avenue, Suite 300
>Bloomfield Hills, MI  48304
>(248) 203-0700
>Email: kcahill@dykema.com

BH01\1035210.1
ID\KKC - 087252/0999